

BMS
BMS

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff ) | |
| v. ) | Civ. Action No. |
| GS CAPITAL, L.P. ) | 04cv 3337 |
| Defendant ) | 04MBD 10249 |

## COMPLAINT FOR RECEIVERSHIP, PERMANENT INJUNCTION AND MONEY JUDGMENT

COMES NOW Plaintiff, the United States of America, on behalf of its agency, the United States Small Business Administration, and for its cause of action states as follows:

### PARTIES, JURISDICTION AND VENUE

1. This is a civil action brought by the United States of America on behalf of its agency, the United States Small Business Administration (hereinafter, "SBA," "Agency" or "Plaintiff"), whose central office is located at 409 Third Street, S.W., Washington, D.C., 20416. The defendant has stipulated and consented the entry of the requested relief in this civil action.

2. Jurisdiction is conferred on this Court by virtue of the Small Business Investment Act of 1958, as amended (hereinafter, the "Act"), Sections 308(d), 311, and 316; 15 U.S.C. §§ 687(d), 687c, 687h; and 28 U.S.C. § 1345.

3. Defendant, GS Capital, L.P., (hereinafter GS Capital) is a Delaware limited partnership.

4. Defendant, GS Capital maintains its principal office and/or principal place of business at 435 Devon Park Drive, Suite 200, Wayne, Pennsylvania, 19087. Venue is therefore proper under 15 U.S.C. §§ 687(d), 687h, and 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

5. GS Capital was licensed by SBA as a small business investment company ("SBIC" or "Licensee") on June 3, 1997, SBA License No. 02/72-0571, under Section 301(c) of the Act, 15 U.S.C. § 681(c), solely to do business under the provisions of the Act and the regulations promulgated thereunder.

6. SBICs are intended to advance the interests of small businesses by providing financial assistance to small concerns. 15 U.S.C. § 661.

7. According to the most recent filings with SBA made by GS Capital pursuant to its obligation under applicable regulations to report financial and management information to SBA, the management of GS Capital consists of GSA Management, Inc., a Delaware corporation, its management company and Gordon Stuart Advisors, L.P, a Delaware limited partnership, its general partner.

8. The Articles of Limited Partnership of GS Capital submitted to SBA expressly provide that GS Capital was organized solely for the purpose of operating under the Act and subject to regulations issued by SBA thereunder.

9. Section 308(c) of the Act, 15 U.S.C. § 687(c), empowers SBA to prescribe regulations to carry out the provisions of the Act and to govern the operations of SBICs. SBA has duly promulgated such regulations, which are codified at Title 13 of the Code of Federal Regulations, Part 107 (the "Regulations").

10. Section 308(d) of the Act, 15 U.S.C. § 687(d), provides that upon determination and adjudication of noncompliance or violation of the Act or the Regulations, all of the rights, privileges and franchises of a Licensee may be forfeited and the company may be declared dissolved.

11. Section 311 of the Act, 15 U.S.C. § 687c, provides that, whenever in the judgment of SBA, a Licensee, or any other person, has engaged in or is about to engage in any acts or practices which constitute or will constitute a violation of the Act or of any Rule or Regulation promulgated pursuant to the Act, or of any order issued under the Act, then SBA may make application for an injunction, and such Court shall have jurisdiction of such action and shall grant permanent or temporary injunction, or other relief without bond, upon a showing that such Licensee has engaged in or is about to engage in any such acts or practices. The Court may also appoint SBA to act as receiver for such Licensee.

12. In accordance with Section 303 of the Act, 15 U.S.C. §683b, SBA provided leverage to GS Capital through the purchase of the following participating securities totaling $40,450,000:

| Certificate Number | Amount | Date | Rate of Prioritized Payment |
|---|---|---|---|
| 02018551-04 | 2,500,000 | 10/16/98 | 6.100 |
| 02018552-02 | 11,000,000 | 03/12/99 | 7.540 |
| 02018553-00 | 500,000 | 01/14/00 | 8.017 |
| 02027851-09 | 3,500,000 | 01/14/00 | 8.017 |
| 02027852-07 | 4,000,000 | 03/10/00 | 7.449 |

| | | | |
|---|---|---|---|
| 02027853-05 | 6,000,000 | 06/20/00 | 7.449 |
| 02027854-03 | 2,500,000 | 09/29/00 | 6.640 |
| 02035451-09 | 3,500,000 | 10/13/00 | 6.640 |
| 02035452-07 | 3,000,000 | 07/06/01 | 6.344 |
| 02035453-05 | 2,500,000 | 12/28/01 | 6.030 |
| 02035454-03 | 1,450,000 | 08/16/02 | 4.524 |

(hereinafter referred to collectively as the "Participating Securities").

13.  The Participating Securities are expressly subject to and incorporated by reference in the Regulations, including but not limited to the provisions of 13 C.F.R. § 107.1820 through 1850 (1998-2004 Editions).

14.  Section 107.1830 (b) of the Regulations, 13 C.F.R. § 107.1830 (b) (2004), provides that a condition of capital impairment is an event of default. Section 107.1830 (c) of the Regulations, 13 C.F.R. § 107.1830 (c) (2004) further provides that a Section 301(c) Licensee, such as Defendant, has a condition of capital impairment if its capital impairment percentage exceeds 70.

15.  Based upon GS Capital's financial statements as of December 31, 2003, SBA determined that GS Capital had a condition of capital impairment in excess of 141%.

16.  By letter dated April 12, 2004 (the "Notice of Violation"), SBA directed GS Capital to cure its condition of capital impairment within 15 days.

4

17. In the Notice of Violation, SBA further informed GS Capital that, pursuant to Section 107.1830 (3)(c) of the Regulations, 13 C.F.R. § 107.1830 (3)(c) (2004), GS Capital was to be placed in restricted operations effective April 14, 2004.

18. To date, GS Capital has failed to cure its capital impairment, and therefore, SBA has determined that pursuant to Section 107.1830(b) of the Regulations, 13 C.F.R. § 107.18.30(b) (2004), GS Capital has a condition of capital impairment and is not in compliance with the terms of its leverage.

## COUNT ONE

### CAPITAL IMPAIRMENT AND NON PERFORMANCE OF THE REQUIREMENTS OF A PARTICIPATING SECURITY

19. Paragraphs 1 through 18 are incorporated by reference as though set forth in their entirety herein.

20. Section 107.507(a) of the Regulations provides that nonperformance of any of the requirements of any Participating Security shall constitute a violation of the Regulations. 13 C.F.R. § 107.507 (2004).

21. Section 107.1830 (b) of the Regulations, 13 C.F.R. § 107.1830 (b) (2004), provides that if you have a condition of Capital Impairment, you are not in compliance with the terms of your leverage.

22. Section 107.1830 (c), 13 C.F.R. § 107.1830 (c) (2004), further provides that a Section 301(c) Licensee, such as Defendant, has a condition of capital impairment if its capital impairment percentage exceeds 70.

5

23. Based upon GS Capital's financial statements as of December 31, 2003, SBA determined that GS Capital had a condition of capital impairment in excess of one hundred and forty one (141) percent.

24. To date, GS Capital has failed to cure its impairment. Consequently, on May 28, 2004, G.S. Capital was notified that it had been transferred to liquidation status.

25. SBA provided leverage to GS Capital in the principal amount of $40,450,000. As of April 28, 2004, the outstanding unpaid accrued prioritized payments equal $11,716,364.

26. GS Capital's violation of the Regulations for capital impairment and nonperformance of the requirements of a Participating Security entitles SBA to relief pursuant to 15 U.S.C. § 687c, including injunctive relief and appointment of SBA as Receiver of GS Capital.

**WHEREFORE**, Plaintiff prays as follows:

A. That injunctive relief, both preliminary and permanent in nature, be granted restraining GS Capital, its partners, managers, officers, agents, employees and other persons acting in concert or participation therewith from: (1) making any disbursements of GS Capital's funds; (2) using, investing, conveying, disposing, executing or encumbering in any fashion any or all funds or assets of GS Capital, wherever located; or (3) further violating the Act or the Regulations promulgated thereunder.

B.  That this Court determine and adjudicate GS Capital's noncompliance with the requirements of the Participating Security and noncompliance and violation of the Act and the Regulations promulgated thereunder.

C.  That this Court take exclusive jurisdiction of GS Capital, and all of its assets, wherever located, appoint SBA as permanent receiver of GS Capital for the purpose of liquidating all of GS Capital's assets and satisfying the claims of its legitimate creditors therefrom in the order of priority as determined by this Court, and pursuing causes of action available to GS Capital, as appropriate.

D.  That this Court order that GS Capital's license to operate as an SBIC shall be revoked upon the wind-up and conclusion of the receivership thereof.

E.  That this Court grant such other and further relief as may be deemed just and proper.

Respectfully submitted,

PATRICK L. MEEHAN
United States Attorney

*Virginia A. Gibson*
VIRGINIA A. GIBSON
Assistant United States Attorney
Chief, Civil Division

PAUL G. SHAPIRO
Assistant United States Attorney
Eastern District of Pennsylvania
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106-4476
Tel: (215) 861-8325

OF COUNSEL:

Arlene M. Embrey
Trial Attorney
United States Small Business Administration
409 3rd Street, S.W.
Washington, D.C. 20416

Dated: