IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**BMS**

UNITED STATES OF AMERICA

    Plaintiff,

v.

GS CAPITAL, L.P.

    Defendant.

CIVIL ACTION NO.

04cv3337

04 MBD 10249

## CONSENT JUDGMENT AND ORDER

Before this Court is the Complaint by the United States of America, on behalf of the United States Small Business Administration ("SBA"), for a permanent injunction, and the appointment of the SBA as permanent, liquidating receiver for GS Capital Limited Partnership. The Court, being fully advised in the merits, and based upon the consent of the parties, believes this relief should be granted:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. Pursuant to the provisions of 15 U.S.C. § 687c, this Court shall take exclusive jurisdiction of GS Capital Limited Partnership ("GS Capital"), and all of its assets, wherever located, and the United States Small Business Administration ("SBA"), is hereby appointed receiver ("the Receiver") of GS Capital to serve without bond until further order of this Court. The Receiver is appointed for the purpose of administering, marshaling and, if necessary, liquidating all of GS Capital's assets to satisfy the claims of creditors therefrom in the order of priority as determined by this Court.

2. The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the general partner, management company, managers, officers, and directors of GS

Capital under applicable state and federal law and by the Charter, By-Laws, Certificate of Limited Partnership and/or Partnership Agreement of said partnership, in addition to all powers and authority conferred upon the Receiver by the provisions of 15 U.S.C. § 687c and 28 U.S.C. § 754. The general partner, management company, managers, directors, officers, employees and agents of GS Capital are hereby dismissed. Such persons shall have no authority with respect to GS Capital's operations or assets, except as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of GS Capital and shall pursue and preserve all of its claims.

3. The past and/or present officers, directors, agents, managers, general partners, management company, accountants, attorneys and employees of GS Capital, as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents, accounts and all other instruments and papers of said partnership and all other assets and property of the partnership, whether real or personal. Gordon Stuart Advisors, L.P and/or GSA Management, Inc shall furnish a written statement within five (5) days after the entry of this Order, listing the identity, location and estimated value of all assets of GS Capital as well as the names, addresses and amounts of claims of all known creditors of GS Capital. All persons having control, custody or possession of any assets or property of GS Capital, including its former General Partner, Gordon Stuart Advisors, L.P, and its management company, GSA Management, Inc., are hereby directed to turn such assets or property over to the Receiver.

4. The Receiver shall promptly give notice of its appointment to all known officers, directors, agents, management companies, managers, general partners, employees, shareholders, creditors, debtors and agents of GS Capital. All persons and entities owing any obligations or debts to GS Capital shall, until further ordered by this Court, pay all such obligations in accordance

with the terms thereof to the Receiver, and its receipt for such payments shall have the same force and effect as if GS Capital had received such payments.

5.  The Receiver is hereby authorized to open such Receiver's bank accounts, at banking or other financial institutions, to extend credit on behalf of GS Capital, to utilize SBA personnel, and to employ such other personnel as necessary to effectuate the operation of the receivership including, but not limited to, attorneys and accountants, and is further authorized to expend receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel. The Receiver is not required to obtain Court approval prior to the disbursement of receivership funds for payments to personnel employed by the Receiver or payments for expenses incidental to administration of the Receivership. In addition, the Receiver is authorized to reimburse the SBA or its employees for travel expenses incurred by SBA personnel in the establishment and administration of the receivership. The Receiver may, without further order of this Court, transfer, compromise, or otherwise dispose of any claim or asset, other than real estate, which would result in net proceeds to the Receiver.

6.  GS Capital's past and/or present officers, directors, agents, managers, general partners, shareholders, employees, and other appropriate persons (including, without limitation, the defendant's portfolio of small business concerns and banks or other financial institutions doing business with defendant and/or defendant's portfolio of small business concerns) shall answer under oath, pursuant to a Receiver's Notice or Subpoena, to the Receiver, all questions which it may put to them regarding the business of said partnership, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to GS Capital. In the event that the Receiver deems it necessary to require the appearance of the aforementioned

3

persons, the production of documents, information, or any other form of discovery concerning the assets, property or business assets of GS Capital or any other matter relevant to the operation or administration of the Receivership or the collection of funds due to GS Capital, the Receiver shall direct notice for any such appearance by certified mail, and said persons shall appear and give answer to the Receiver, produce documents or submit to any other form of discovery in accordance with the Federal Rules of Civil Procedure.

7. The parties or prospective parties to any and all civil legal proceedings wherever located, including, but not limited to arbitration proceedings, bankruptcy or foreclosure actions, default proceedings, or any other proceedings involving GS Capital or any assets of GS Capital, involving GS Capital or its present or past officers, directors, managers, or general partners or the Receiver, sued for, or in connection with, any action taken by GS Capital's officers, directors, managers, or general partners while acting in such capacity whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, or with respect to any assets of GS Capital, are enjoined from taking any action, including discovery, commencing or continuing any legal proceeding of any nature in connection with any proceeding.

8. All civil legal proceedings wherever located, including arbitration proceedings, foreclosure activities, bankruptcy actions, or default proceedings, but excluding the instant proceeding, involving GS Capital or any of its assets or any action of any nature taken by GS Capital's present or past officers, directors, managers, or general partners sued for, or in connection with, any action taken by them while acting in their official capacity whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court.

9. GS Capital and its past and/or present directors, officers, managers, management company, general partners, agents, employees and other persons acting in concert or participation therewith be, are hereby enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would dissipate the assets and property of GS Capital to the detriment of the Receiver appointed in this cause, including but not limited to destruction of partnership records, or which would violate the Small Business Investment Act of 1958, as amended, (the "SBIA"), 15 U.S.C. Section 661 et seq., or the regulations promulgated thereunder, (the "Regulations"), 13 C.F.R. § 107.1 et seq.

10. The Receiver is authorized to borrow on behalf of GS Capital, from the SBA, up to $500,000, and is authorized to cause GS Capital to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about 10 percent per annum and will have a maturity date no later than 18 months after the date of issue. Said Receiver's Certificates of Indebtedness shall have priority over all other debts and obligations of GS Capital, excluding administrative expenses of the Receivership, whether presently existing or hereinafter incurred, including without limitation any claims of equity holders of GS Capital.

11. This Court determines and adjudicates that GS Capital has violated the SBIA and the Regulations, as alleged in the Complaint filed in this matter. After completing its activities in accordance with this Order, the Receiver may submit a report to this Court recommending that GS Capital's license as an SBIC be revoked.

AGREED TO AND CONSENTED TO:

G.S. CAPITAL L.P.

By: _____
Kenneth S. Sweet, Jr., Chairman of Gordon Stuart Associates, Inc., general partner of Gordon Stuart Advisors, L.P., the general partner of GS Capital, L.P.

U.S. SMALL BUSINESS ADMINISTRATION

By: _____
Thomas G. Morris
Director, Office of Liquidation

By: _____
Paul G. Shapiro
Assistant United States Attorney

By: _____
Arlene M. Embrey
Trial Attorney

SO ORDERED this 31 day of August, 2004.

_____
UNITED STATES DISTRICT JUDGE